Mark L. Javitch* (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
javitchm@gmail.com
*Attorney for Plaintiff*
*Pending Pro Hac Vice Admission

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY BURTON,<br><br>         Plaintiff,<br><br>v.<br><br>DIRECT FUNDING NOW LLC, a California limited liability company, KENNETH MANESSE, an individual, FUNDMERICA INC., a California corporation, and MARIE RUBIN, an individual,<br><br>         Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.   Plaintiff JEFFREY BURTON ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant DIRECT FUNDING NOW LLC, Defendant KENNETH MANESSE, Defendant FUNDMERICA, INC., and Defendant MARIE RUBIN (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to Plaintiff's cell phone, and to obtain redress. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2. Defendants sell business capital loans. As a primary part of their marketing efforts, Defendants and their agents placed more than one hundred automated calls employing a prerecorded voice message to Plaintiff's cell phone.

3. Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling his cell phone, and Defendants are therefore liable for many common law torts and in violation of many statutes, including the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send hundreds of advertisements to Plaintiff's cell phone without his consent.

6. By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused him to suffer damages that are actual and recognized by statute.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff JEFFREY BURTON is a natural person and is a citizen of the District of Nebraska.

9. Defendant DIRECT FUNDING NOW LLC ("Defendant FUNDING") is a corporation and existing under the laws of the State of California with its principal place of business at 18100 Von Karman Ave, Suite #850, in Irvine, California.

10. Defendant KENNETH MANESSE ("Defendant MANESSE") is a natural person. Defendant MANESSE is the managing member of Defendant FUNDING and is responsible for the actions of the company alleged herein.

11. Defendant FUNDMERICA INC. is a corporation organizing and existing under the laws of the state of California with its principal place of business at 2935 W. Clarendon Ave #A, Phoenix AZ, 85017.

12. Defendant MARIE RUBIN is president of Defendant FUNDMERICA INC. and is responsible for the actions of the corporation alleged herein.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

14. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Nebraska and because the events giving rise to this lawsuit occurred in this District.

15. This Court has supplemental jurisdiction over all Plaintiff's state and common law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

16. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of Nebraska and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## DEFENDANTS CALLED PLAINTIFF HUNDREDS OF TIMES

17. In the past 12 months prior to the filing of this complaint, Defendants called Plaintiff's cell phone over a hundred times.

18. Defendants sometimes called Plaintiff's cell phone ***2-3 times per day***.

19.     Even worse, Plaintiff could not easily identify and screen Defendants' calls because the caller ID on Plaintiff's phone displayed "NO CALLER ID" when Defendants called.

20.     Defendants then left prerecorded voice messages asking Plaintiff to call back because he had been approved for a small business loan. These automated messages included a call back number of 800-998-7961.

21.     Plaintiff tried several times calling Defendants back and asking to be removed from their calling list, but Defendants ignored his request and kept calling.

22.     Upon calling back the number, it connected with Defendant FUNDING, who identified their website as https://www.directfundingnow.com.

23.     On or around February 13, 2019, Plaintiff received a voicemail containing a prerecorded voice message advertising Defendants' business capital loans from Defendant FUNDMERICA INC. and/or its agents on his cell phone from 855-217-0220.

24.     Defendants never obtained consent to call Plaintiff.

25.     Plaintiff attempted to unsubscribe from Defendants' calling list, but Defendants continued their calls anyway.

**DEFENDANTS FALSIFIED THEIR CALLER ID NUMBERS**

26.     Not only did Defendants call Plaintiff's phone hundreds of times when Plaintiff was trying to screen Defendants' calls, Defendants used tactics to trick Plaintiff into answering their calls more often.

27.     Defendants placed their calls from a "NO CALLER ID" return address.

28.     Plaintiff is more likely to answer this type of call because he has to check if it could be an important call from someone that he knows.

29.     Defendants concealed their actual phone number in order to trick Plaintiff into answering.

30.     When Plaintiff answered their cell phone thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded advertisement.

31.     Sometimes Plaintiff was tricked so badly that he actually put legitimate callers on hold or asked to call them back because he thought a real person was calling, when it was only Defendants' automated caller.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**Telephone Consumer Protection Act of 1991**
(Against all Defendants)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendants and/or its agent placed telephone calls to Plaintiff's cellular telephones without having their prior express written consent to do so.

34. Defendants' calls were made for a commercial purpose.

35. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

36. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

37. Defendants' manipulation of their Caller ID information also constitutes a violation of the Truth in Caller ID Act of 2009.

38. Not only did Defendants make calls that violated the TCPA, Defendants and/or their agents made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

39. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of California False Advertising Law
Cal. Bus. & Prof. Code §17500
(Against all Defendants)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. The California False Advertising Law generally prohibits "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17500.

42. Defendants' calls to Plaintiff constitute direct advertising statements.

43. Defendants' advertising statements are untrue or misleading because they do not display their real Caller ID, instead they display "NO CALLER ID" when calling, and a reasonable person is likely to be misled or deceived.

44. Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.

45. Defendants' false statements were material in Plaintiff's decision to answer the phone.

46. Plaintiff did so answer the phone based on Defendants' misrepresentation and has and continues to incur actual and statutory damages as a result.

47. Plaintiff is authorized to pursue a private right of action against Defendant pursuant to Cal. Bus. & Professions Code §17204.

**THIRD CAUSE OF ACTION**
Fraudulent Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
(Against all Defendants)

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. The fraudulent prong of California's Unfair Competition Law prohibits business practices that are likely to deceive the public.

50. Defendants' trick him into answering illegally-placed by using fake phone numbers constitutes a fraudulent business practice.

51. Defendants' practice is fraudulent under this section because members of the public are likely to be deceived by this practice.

52. Plaintiff answered the phone hundreds of times based on Defendants' deceptive business practice and has and continues to incur damages that are actual recognized by statute.

53. Plaintiff is entitled to restitution or injunctive relief under this section.

**FOURTH CAUSE OF ACTION**
Unfair Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

56. Defendants' calls to Plaintiff from NO CALLER ID numbers to trick him into answering illegally-placed calls offend California's public policy preference for citizens to be free from harassment by California telemarketers calling without their consent.

57. Defendants' calls to Plaintiff from NO CALLER ID phone numbers to trick him into answering illegally placed calls is a business practice that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

58. The utility of Defendants' illegal calls from fake phone numbers is very low (as the calls are outlawed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy in being tricked into answering.

59. Plaintiff answered the phone or listened to the advertisements more than one hundred times based on Defendants' unfair business practices and has and continues to incur damages that are actual and recognized by statute.

60. Plaintiff is entitled to restitution or injunctive relief under this section.

## FIFTH CAUSE OF ACTION
Intentional Fraud / Misrepresentation
(Against all Defendants)

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. Defendants made an intentionally false misrepresentation by calling Plaintiff from a NO CALLER ID number.

63. Defendants had knowledge of the NO CALLER ID display being false. Defendants called Plaintiff using this tactic to trick him into answering.

64. Defendants intended to defraud and induce Plaintiff's reliance by persuading him to answer by displaying a misleading message.

65. Since Plaintiff regularly gets legitimate calls all types of phone numbers, Plaintiff justifiably relied on the misrepresentation in deciding to answer the call.

66. Plaintiff has and continues to incur damages that are actual and recognized by statute.

**SIXTH CAUSE OF ACTION**
Negligent Misrepresentation
(Against all Defendants)

67. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68. Defendants made a misrepresentation of existing fact when they called Plaintiff from a NO CALLER ID phone number.

69. Defendants lacked any reasonable grounds for believing it to be true that they did not have a real area code to display.

70. Defendants intended that Plaintiff rely on their misrepresentation in order to induce Plaintiff into answering the call and hearing Defendants' advertising.

71. Defendants' tactic bad faith effort to further the effectiveness of Defendants' illegal conduct by sabotaging Plaintiff's legitimate efforts to screen calls from Defendants.

72. Plaintiff effectively had no way to screen Defendants' calls because he could not distinguish between legitimate and fraudulent calls.

73. Plaintiff justifiably relied on Defendants' misrepresentation in deciding to answer Defendants' calls.

74. As a result of being called on his cell phone and hearing Defendants' prerecorded advertisements hundreds of times, Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

**SEVENTH CAUSE OF ACTION**
Negligence
(Against all Defendants)

75. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76. Defendants had a legal duty to use due care in their dealings with Plaintiff.

77. Defendants breached that duty by calling Plaintiff's cell phone hundreds of times in violation of state and federal statutes and causing liability for common law torts.

78. Defendants' breach was the proximate or legal cause of Plaintiff's injury.

79. Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

## EIGHTH CAUSE OF ACTION
Gross Negligence
(Against all Defendants)

80. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

81. Not only was Defendants' conduct towards Plaintiff negligent, as alleged above, it was grossly negligent.

82. By intentionally designing a bad-faith strategy of calling Plaintiff NO CALLER ID numbers that nearly forced Plaintiff into answering Defendants' calls and preventing him from screening, and indeed succeeding over one hundred times in contacting Plaintiff and necessitating a federal lawsuit, Defendants' conduct is such an extreme departure from the ordinary standard of care owed to Plaintiff that it constitutes gross negligence.

83. Plaintiff has and continues to incur damages that are actual and recognized by statute as a result of Defendants' gross negligence.

## NINTH CAUSE OF ACTION
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

84. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

85. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

86. Each of Defendants' hundreds of violations of 47 U.S.C. §227(b)(1)(A)(iii), Cal. Civ. Code §1770(a)(22)(A)|, Cal. Civ. Code §17500, the unfair and fraudulent prongs of Cal. Civ. Code §17200, and their intentional fraud, negligent misrepresentation, negligence, and gross negligence vis a vis Plaintiff as described herein all constitute separate and cumulative violations of §17200.

87. Plaintiff has and continues to incur damages that are actual and recognized by statute.

88. Plaintiff is authorized to pursue a private right of action against Defendant pursuant to Cal. Bus. & Professions Code §17204.

89. Plaintiff is also entitled to injunctive relief under this section.

**TENTH CAUSE OF ACTION**
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Injunctive Relief Against all Defendants under §1780)

90. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

91. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

92. Defendants' business practice alleged herein is one of the exact activities singled out for prohibition by the California Legislature.

93. Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

94. By playing a prerecorded voice message to Plaintiff's cell phone over one hundred times without first asking for his consent with a natural voice, Defendants have repeatedly violated Cal. Civ. Code §1770(a)(22)(A).

95. Consumers who suffer damage due to an unlawful business practice may bring an action to enjoin a corporation's unlawful business practices throughout the state on behalf of the general public.

96. Plaintiff is entitled to injunctive relief under Cal. Civ. Code §1780(a).

97. Plaintiff is authorized to pursue a private right of action against Defendant pursuant to Cal. Bus. & Professions Code §17204.

**PRAYER FOR RELIEF**

98. WHEREFORE, Plaintiff JEFFREY BURTON prays for the following relief:

a) An injunction requiring Defendants to cease all calls to Plaintiff;

b) An order declaring that Defendants' actions, as set out above, violate the TCPA;

c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

d) An order declaring that Defendants' actions, as set out above, violate the unfair prong of California's Unfair Competition Law §17200;

e) An order declaring that Defendants' actions, as set out above, violate the fraudulent prong of California's Unfair Competition Law §17200;

f) An order declaring that Defendants' actions, as set out above, cause Defendants liability for intentional misrepresentation and fraud;

g) An order declaring that Defendants' actions, as set out above, cause Defendants liability for negligent misrepresentation;

h) An order declaring that Defendants' actions, as set out above, cause Defendants liability for negligence;

i) An order declaring that Defendants' actions, as set out above, cause Defendants liability for gross negligence;

j) An order declaring that Defendants' actions, as set out above, violate the unlawful prong of California's Unfair Competition Law §17200;

k) An order declaring that Defendants' actions, as set out above, violate the California's Consumers Legal Remedies Act §1770(a)(22)(A);

l) An award of actual and/or statutory damages and civil penalties;

m) An award of reasonable attorneys' fees and costs; and

n) Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 20, 2019

Respectfully submitted,

JEFFREY BURTON,

By: /s/ Mark L. Javitch   .
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)*
Mark L. Javitch, Attorney at Law
210 S. Ellsworth Ave #486
San Mateo CA 94401
Tel: 402-301-5544
Fax: 402-396-7131

*Attorney for Plaintiff*
*Pending Pro Hac Vice Admission