Mark L. Javitch (CA SBN 323729)
Javitch Law Office
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY BURTON,<br><br>                    Plaintiff,<br><br>v.<br><br>FUNDMERICA INC., a California corporation, and ROBERT BEEBE, an individual,<br><br>                    Defendants. | Case No.:  8:19-cv-00119-JMG-MDN<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff JEFFREY BURTON ("Plaintiff") brings this First Amended Complaint and Demand for Jury Trial against Defendant FUNDMERICA INC. and Defendant ROBERT BEEBE (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to Plaintiff's cell phone, and to obtain redress. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2.	Defendants sell business capital loans. As a primary part of their marketing efforts, Defendants and their agents placed more than one hundred automated calls employing a prerecorded voice message to Plaintiff's cell phone.

3.	Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling his cell phone, and Defendants are therefore liable for many common law torts and in violation of many statutes, including the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4.	Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers en masse.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.	The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send hundreds of advertisements to Plaintiff's cell phone without his consent.

6.	By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused him to suffer damages that are actual and recognized by statute.

7.	Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

8.	Plaintiff JEFFREY BURTON is a natural person and is a citizen of the District of Nebraska.

9.	Defendant FUNDMERICA INC. ("Defendant Fundmerica") is a corporation and existing under the laws of the State of California with its principal place of business at 2935 W. Clarendon Ave #A, Phoenix Arizona, 85017.

10. Defendant ROBERT BEEBE (Defendant "Beebe") is registrant and owner of the website operating and soliciting business for Defendant Fundmerica at fundmerica-loans.com, and upon information and belief, is a citizen of Santa Ana, California 92705.

**JURISDICTION AND VENUE**

11. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Nebraska and because the events giving rise to this lawsuit occurred in this District.

13. This Court has supplemental jurisdiction over all Plaintiff's state and common law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conduct business in the State of Nebraska and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

**DEFENDANTS CALLED PLAINTIFF WITHOUT PERMISSION**

15. On or around February 13, 2019, Plaintiff received a voicemail containing a prerecorded voice message advertising Defendants' business capital loans from Defendant Fundmerica and/or its agents on his cell phone from 855-217-0220.

16. Defendants repeatedly called Plaintiff's cell phone, sometimes two to three times per week.

17. Defendants never obtained consent to call Plaintiff.

18. Plaintiff attempted to unsubscribe from Defendants' calling list, but Defendants continued their calls anyway.

## DEFENDANTS FALSIFIED THEIR CALLER ID NUMBERS

19. Not only did Defendants call Plaintiff's phone hundreds of times when Plaintiff was trying to screen Defendants' calls, Defendants used tactics to trick Plaintiff into answering their calls more often.

20. Defendants placed their calls from a "NO CALLER ID" return address.

21. Plaintiff is more likely to answer this type of call because he has to check if it could be an important call from someone that he knows.

22. Defendants concealed their actual phone number in order to trick Plaintiff into answering.

23. When Plaintiff answered their cell phone thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded advertisement.

24. Sometimes Plaintiff was tricked so badly that he actually put legitimate callers on hold or asked to call them back because he thought a real person was calling, when it was only Defendants' automated caller.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### Telephone Consumer Protection Act of 1991
### (Against all Defendants)

25. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26. Defendants and/or its agent placed telephone calls to Plaintiff's cellular telephones without having their prior express written consent to do so.

27. Defendants' calls were made for a commercial purpose.

28. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

29. Defendants' violation could not have been completed without substantial assistance from Defendant Beebe in publishing and maintaining Defendants' website.

30. Defendants' scheme involved being able to point the TCPA victim towards a website where the product was for sale.

31. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

32. Defendants' manipulation of their Caller ID information also constitutes a violation of the Truth in Caller ID Act of 2009.

33. Not only did Defendants make calls that violated the TCPA, Defendants and/or their agents made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

34. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of California False Advertising Law
Cal. Bus. & Prof. Code §17500
(Against all Defendants)

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. The California False Advertising Law generally prohibits "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17500.

37. Defendants' calls to Plaintiff constitute direct advertising statements.

38. Defendants' advertising statements are untrue or misleading because they do not display their real Caller ID, instead they display "NO CALLER ID" when calling, and a reasonable person is likely to be misled or deceived.

39. Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.

40. Defendants' false statements were material in Plaintiff's decision to answer the phone.

41. Plaintiff did so answer the phone based on Defendants' misrepresentation and has and continues to incur actual and statutory damages as a result.

42. Plaintiff is authorized to pursue a private right of action against Defendant pursuant to Cal. Bus. & Professions Code §17204.

**THIRD CAUSE OF ACTION**
Fraudulent Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
(Against all Defendants)

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. The fraudulent prong of California's Unfair Competition Law prohibits business practices that are likely to deceive the public.

45. Defendants' trick him into answering illegally-placed by using fake phone numbers constitutes a fraudulent business practice.

46. Defendants' practice is fraudulent under this section because members of the public are likely to be deceived by this practice.

47. Plaintiff answered the phone hundreds of times based on Defendants' deceptive business practice and has and continues to incur damages that are actual recognized by statute.

48. Plaintiff is entitled to restitution or injunctive relief under this section.

**FOURTH CAUSE OF ACTION**
Unfair Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

51. Defendants' calls to Plaintiff from NO CALLER ID numbers to trick him into answering illegally-placed calls offend California's public policy preference for citizens to be free from harassment by California telemarketers calling without their consent.

52. Defendants' calls to Plaintiff from NO CALLER ID phone numbers to trick him into answering illegally placed calls is a business practice that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

53. The utility of Defendants' illegal calls from fake phone numbers is very low (as the calls are outlawed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy in being tricked into answering.

54. Plaintiff answered the phone or listened to the advertisements more than one hundred times based on Defendants' unfair business practices and has and continues to incur damages that are actual and recognized by statute.

55. Plaintiff is entitled to restitution or injunctive relief under this section.

**FIFTH CAUSE OF ACTION**
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

56. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

58. Each of Defendants' hundreds of violations of 47 U.S.C. §227(b)(1)(A)(iii), Cal. Civ. Code §17500, the unfair and fraudulent prongs of Cal. Civ. Code §17200 vis a vis Plaintiff as described herein all constitute separate and cumulative violations of §17200.

59. Plaintiff has and continues to incur damages that are actual and recognized by statute.

60. Plaintiff is authorized to pursue a private right of action against Defendant pursuant to Cal. Bus. & Professions Code §17204.

61. Plaintiff is also entitled to injunctive relief under this section.

**PRAYER FOR RELIEF**

62. WHEREFORE, Plaintiff JEFFREY BURTON prays for the following relief:

   a) An injunction requiring Defendants to cease all calls to Plaintiff;

   b) An order declaring that Defendants' actions, as set out above, violate the TCPA;

c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

d) An order declaring that Defendants' actions, as set out above, violate the unfair prong of California's Unfair Competition Law §17200;

e) An order declaring that Defendants' actions, as set out above, violate the fraudulent prong of California's Unfair Competition Law §17200;

f) An order declaring that Defendants' actions, as set out above, violate the unlawful prong of California's Unfair Competition Law §17200;

g) An award of actual and/or statutory damages and civil penalties;

h) An award of reasonable attorneys' fees and costs; and

i) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 5, 2019

Respectfully submitted,

By: /s/ Mark L. Javitch             .
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)
Attorney at Law
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705

*Attorney for Plaintiff*
JEFFREY BURTON