1
2
3
4
5

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

6

7

8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEBRASKA

9

10

11

12

13

14

15

16

JEFFREY BURTON,

        Plaintiff,

    vs.

FUNDMERICA INC., et. al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: 8:19-cv-00119-JMG-MDN

**PLAINTIFF'S NOTICE OF MOTION AND SECOND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FUNDMERICA**

**Fed. R. Civ. Proc. 55(b)(2)**

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR DEFAULT JUDGMENT               CASE NO.: 8:19-cv-00119-JMG-MDN

Page 1

## NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

PLAINTIFF HEREBY PROVIDES NOTICE that Plaintiff JEFFREY BURTON hereby moves the Court for default judgment against Defendant FUNDMERICA, INC. ("Fundmerica") under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.1(c) for violating the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").

The Motion will be based on this Notice of Motion and Motion, the Brief in Support of the Motion, and the attached Certificate of Service / Affidavit required by Local Rule 55.1 (c)(1).


Date: March 12, 2020                    By: /s/ Mark L. Javitch

                                         Mark L. Javitch
                                         *Attorney for Plaintiff*
                                         JEFFREY BURTON

**BRIEF IN SUPPORT OF DEFAULT JUDGMENT**

### I. INTRODUCTION

Fundmerica still maintains ongoing business operations, yet it entirely fails to respond to this Court. Fundmerica is openly flouting this Court, federal law and the TCPA. Consumer complaints Plaintiff now requests the Court grant default judgment and award costs and damages.

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 20, 2019, Plaintiff filed a Complaint alleging violations of the TCPA against Fundmerica. (Dkt. 1). On July 5, 2019, Plaintiff filed its First Amended Complaint. ("FAC") (Dkt. 23). Plaintiff alleged that Fundmerica called him multiple times using a prerecord voice messages without his consent to advertise its services selling loans. (FAC at ¶¶ 17-25). Fundmerica was served upon its registered agent on March 25, 2019. (Dkt. 11). On May 1, 2019, the Clerk entered a default for failure to respond. (Dkt. 14). On October 29, 2019, Plaintiff moved for default judgment against Fundmerica Inc. (Dkt. 29). On December 20, 2019, the Court denied Plaintiff's motion for default judgment without prejudice because the damages were not ascertainable. (*See* Dkt. 31 ("the Court could award such damages if Burton can present affidavits and documentary proof evincing his assessment of how many times he was called.")). Now before the Court is Plaintiff's second motion for default judgment against Fundmerica. Although Plaintiff alleged that Fundmerica called him multiple times, Plaintiff only documented one violation and thus submits an affidavit to that effect. *See* Affidavit of Jeffrey Burton ("Burton Aff.").

### III. LEGAL STANDARD

In summary, a default judgment under Rule 55 is a two-step process. First, "the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend . . . ." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (quoting *Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2001)). Second, after the clerk has entered a default, "the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Id*. (quoting *Hayek*, 198 F.R.D. at 520).

It remains "for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). A plaintiff requesting default judgment must still prove its damages. *Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015).  It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am Home Furniture Placement, Inc*., 120 F.3d 117, 119 (8th Cir. 1997)).  "[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall*, 616 F.3d at 852.

## IV.   LEGAL ARGUMENT

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the TCPA, a federal statute.  Plaintiff has successfully pled at least one violation of the TCPA. A court may award a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) following the entry of default by the Court Clerk under Rule 55(a). *See* Fed R. Civ. P. 55; Ne. Civ. R. 55.1. The summons and complaint were served on March 25, 2019.  (Dkt. 11).  Default was entered by the clerk under Rule 55(a) on May 1, 2019, when Fundmerica failed to appear in this lawsuit.  (Dkt. 14).

### A.  Fundmerica is liable under the TCPA

MOTION FOR DEFAULT JUDGMENT                    CASE NO.: 8:19-cv-00119-JMG-MDN

Page 4

Because Fundmerica failed to defend itself, resulting in the clerk's entry of default, the Court must accept the allegations contained in the Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Angelo Iafrate Const, LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988)); NECivR 7.1(b)(1)(C). As a result of the entry of the order of default against Fundmerica, the following facts must be taken as true in assessing the amount of damages to be assessed against the Defendant:

1. On February 13, 2019 Fundmerica called Plaintiff (FAC, ¶ 15).

2. Fundmerica used a prerecorded voice message advertising its small business loans. (FAC, ¶ 15; Burton Aff., ¶ 4).

3. Fundmerica never obtained Plaintiff's consent prior to calling him. (FAC, ¶ 17; Burton Aff., ¶ 5)).

When a party defaults, the facts alleged in the complaint are deemed admitted and cannot later be contested. *See Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc*., No. 8:10-CV-365, 2014 U.S. Dist. LEXIS 137182, at *7 (D. Neb. Sep. 29, 2014) (citing *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). In the normal course, the court must consider whether the unchallenged facts constitute a legitimate cause of action. *Id*. at *7-*8. Once the court has determined the plaintiff has stated legitimate causes of action, it must then award appropriate relief to the plaintiff as part of the default judgment. *Id*. at *20-*36.

**B. Plaintiff Stated a Valid Cause of Action Against Fundmerica**

Congress enacted the TCPA to protect consumers from the proliferation of intrusive telemarketing calls. *Golan v. Veritas Entm't*, 788 F.3d 814, 819 (8th Cir. 2015). The TCPA prohibits "any call (other than a call made . . . with the prior express consent of the called

MOTION FOR DEFAULT JUDGMENT                    CASE NO.: 8:19-cv-00119-JMG-MDN

party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *Zean v. Fairview Health Services*, 858 F.3d 520, 523 (8th Cir. 2017); *Veritas*, 788 F.3d at 819; 47 C.F.R. § 64.1200(a)(1)(iii).  A person may be directly liable for initiating the call, or if a direct violator acts as the person's agent. *Golan v. FreeEats.com*, 930 F.3d 950, 960-61 (8th Cir. 2019).

Plaintiff has successfully pled that Fundmerica called Plaintiff on its cell phone (FAC, ¶¶ 15-16); Plaintiff heard an artificial or prerecorded voice advertising small business loans (FAC, ¶ 15); Defendant never obtained Plaintiff's consent prior to calling and thereafter Defendant refused to remove Plaintiff from its call list. (FAC, ¶¶ 17-18).

Upon finding Plaintiff has stated a legitimate cause of action, the Court should award all remedies to which they are entitled. *Cf. Peter Kiewit*, 2014 U.S. Dist. LEXIS 137182, at *20-*36 (awarding compensatory damages, costs and attorney fees, injunctive relief, and piercing the corporate veil as part of a default judgment order).

### C. Fundmerica's Violations were Willful and Intentional

Fundmerica's failure to participate in litigation and utter disregard for these proceedings show that their violations were willful and intentional.  Fundmerica's actions are prejudicial because other consumers will also have to file costly suits against Fundmerica.  A consumer complaints website shows thirteen (13) similar complaints to the one alleged in this lawsuit[1] (all receiving prerecorded voicemail messages from Fundmerica). Plaintiff's counsel also mailed Fundmerica its first motion for default judgment to its registered agent, but Fundmerica flouted the proceeding once again.  (Dkt. 29, Certificate of Service).

---

[1] https://www.whycall.me/866-975-8942.html (Last Accessed March 11, 2020).

MOTION FOR DEFAULT JUDGMENT                     CASE NO.: 8:19-cv-00119-JMG-MDN

Page 6

**D. Plaintiff is entitled to Damages and Costs**

As shown above, Fundmerica violated the TCPA. Accordingly, Plaintiff requests the Court award $500.00 in damages for the one violating call documented by Plaintiff.  (Burton Aff., ¶ 4).   Further, for the reasons stated herein, Plaintiff requests that the Court find that Fundmerica's violation was knowing and willful and exercise its discretion to treble damages to $1,500.00 under 47 U.S.C. § 227(b)(3)(C).  Lastly, Plaintiff also requests to be awarded its court filing costs of $500.00.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant default judgment and a permanent injunction against Defendants.

Dated: March 12, 2020              Respectfully submitted

                                   MARK L. JAVITCH

                                   By:  /s/ Mark L. Javitch          .

                                   Mark L. Javitch (SBN 323729)
                                   480 S. Ellsworth Ave.
                                   San Mateo CA 94401
                                   Tel: 650-781-8000
                                   Fax: 650-648-0705
                                   Admitted *Pro Hac Vice*

                                   *Attorney for Plaintiff*
                                   JEFFREY BURTON

MOTION FOR DEFAULT JUDGMENT              CASE NO.: 8:19-cv-00119-JMG-MDN

Page 7

**CERTIFICATE OF SERVICE**
**AND**
**LR 55.1 (c)(1) AFFIDAVIT**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age.  I am not a party to this action.  I am employed in County of San Mateo, State of California.  My business address is Javitch Law Office, 480 S. Ellsworth Ave, San Mateo, California, 94401.

Pursuant to Local Rule 55.1(c)(1) and Fed. R. Civ. P. 55(b)(2), Plaintiff's counsel states that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Fed. R. Civ. P. 55(b)(2) and (b) does not meet the other exceptions stated in Fed. R. Civ. P. 55(b)(2).

Pursuant to Fed. R. Civ. P. 55(b)(2), On March 12, 2020, I mailed this document to Defendant's Registered Agent with First Class Mail Tracking Number 9200190241675500015044 1646.

FUNDMERICA INC.
GOODALL W MCCULLOUGH
3900 BIRCH ST STE 110
NEWPORT BEACH CA 92660

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 12, 2020                    /s/ Mark L. Javitch

                                         Mark L. Javitch
                                         Javitch Law Office
                                         480 S. Ellsworth Ave
                                         San Mateo CA 94401

MOTION FOR DEFAULT JUDGMENT                    CASE NO.: 8:19-cv-00119-JMG-MDN

Page 8