IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY BURTON,<br><br>    Plaintiff,<br><br>vs.<br><br>FUNDMERICA, INC., a California corporation,<br><br>    Defendant. | 8:19-CV-119<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the plaintiff's motion for default judgment against the only remaining defendant, Fundmerica, Inc. Filing 33. The plaintiff sued Fundmerica and others on March 20, 2019, filing 1, and timely served process on its registered agent, filing 11. On motion, the Clerk of the Court entered Fundmerica's default on May 1, 2019. Filing 14. Over time, the plaintiff's claims against the other defendants were dismissed, resulting in the plaintiff's present motion for default judgment. Filing 19; filing 20; filing 25; filing 30. The Court will grant the plaintiff's motion.

    When a default judgment is entered, the facts alleged in the plaintiff's complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* It is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53.

    Fundmerica is in the business of selling capital loans. Filing 23 at 2. On around February 13, 2019, the plaintiff received a voicemail on his cellphone

containing a prerecorded voice message advertising Fundmerica's services. Filing 23 at 3. The plaintiff had never consented to receive calls from Fundmerica. Filing 23 at 3.

This, according to the plaintiff, is enough to state a claim for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii).₁ Filing 23 at 4. And that's right. The TCPA prohibits, among other things, a caller from making a call using an artificial or recorded voice to a cellular telephone service. *Id*. In other words, the TPCA prohibited almost all "robocalls" to cell phones. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020).₂ According to the uncontested allegations of the complaint, Fundmerica made such a call to the plaintiff, and because the plaintiff received an unwanted telemarketing message, he has suffered a concrete and particularized injury in fact, warranting damages. *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 958-59 (8th Cir. 2019).

The TCPA provides for damages of actual monetary loss or $500 per violation, whichever is greater. § 227(b)(3)(B). In addition, if the violation was willful or knowing, the Court may treble those damages. § 227(b)(3)(C). In the comparable context of treble damages under the Patent Act, "[t]he sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse*

---

[1] The Court interprets the plaintiff's motion for default judgment, based solely on the TCPA, as abandoning his California state-law claims. *Compare* filing 23 at 5-7, *with* filing 33 at 2.

[2] The Supreme Court held last month in *Barr* that one of the exceptions to this general prohibition, for calls made solely to collect a government debt, violated the First Amendment, but that it was severable from the TCPA as a whole—so, the provision on which the plaintiff's claim relies survived. *See id*. at 2355.

*Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). But in addition to alleging the one call for which he seeks damages, the plaintiff's complaint also alleges a course of conduct by Fundmerica that—taken as true—easily describe egregiously willful and knowing violation of the TCPA. *See* filing 23 at 3-4. That is, in fact, the only reasonable inference from concealing the identity of a caller from caller ID. *See* filing 23 at 4. Accordingly, the Court will award treble damages.

Finally, the plaintiff requests his filing fees as costs. The Court will deny that request without prejudice to reassertion in a timely bill of costs. *See* NECivR 54.1; *see also* Fed. R. Civ. P. 54(d)(1).

IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 33) is granted.

2. Judgment will be entered for the plaintiff and against Fundmerica, Inc. in the amount of $1,500.

3. A separate judgment will be entered.

Dated this 5th day of August, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

- 3 -